### THE EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD *vs.* WATTERS.

In a suit against a railroad company for killing a horse, where it appeared that the animal went upon the track of the company, ran up the road and upon a trestle and fell through and was killed, and that there was no negligence on the part of the company or its officers, agents or servants, a nonsuit would have been proper; and after a verdict against the company, a new trial should have been granted.

May 1, 1886.

Railroads. Damages. Negligence. Nonsuit. New Trial. Before Judge BRANHAM. Floyd Superior Court. September Term, 1885.

Watters brought suit in a justice's court against the East Tennessee, Virginia and Georgia Railroad for $100.00 for running over and killing a horse. By amendment it was alleged that the defendant allowed dangerous and impassable ditches to open along its road, and frightened and ran the horse upon a trestle, and knocked it therefrom by the running of its train. The case was carried to the superior court by appeal. On the trial, the plaintiff testified, in brief, as follows: Two horses were turned out of one pasture to go to another. One of them crossed the

railroad; the other became frightened at an approaching train and ran up the track to where there was a trestle. The plaintiff lost sight of the train and horse for a moment, and did not see the latter again until he found it dead below the trestle. There were no unusual noises by the train. It was on an up grade and could easily have been stopped. The plaintiff had written and sworn on a previous trial, and it was true, that the horse had tried to cross the trestle, but fell and broke its neck. The value of the horse was proved.

The defendant moved for a nonsuit, which was refused. It then introduced a letter, written by the plaintiff, to the effect stated above; also a witness who testified that the day after the casualty the plaintiff told him that the horse ran upon the trestle, fell and broke its neck; that the witness asked him if there was any train near by at the time, and the plaintiff replied that there was not, but that one came along soon afterwards.

The jury found for the plaintiff. The defendant moved for a new trial on the ground that the verdict was contrary to law and evidence.

The motion was overruled, and the defendant excepted.

UNDERWOOD & ROWELL, for plaintiff in error.

FORSYTH & HOSKINSON; REECE & DENNY, by brief, for defendant.

BLANDFORD, Justice.

Watters sued the railroad company for killing a horse.

The evidence shows that the horse went upon the track of the company, ran up the road and upon a trestle, fell through and was killed. No negligence upon the part of the company was shown, but it appeared affirmatively by the evidence of Watters that there was no negligence on part of the company, its officers, agents or servants.

The case should have been nonsuited. A new trial should have been granted when asked for by the company.

Judgment reversed.